## EMERSON *v.* KINNE.

TENDER—PART PAYMENT—COSTS.

> A creditor is under no obligation to receive less than the amount due him, and, therefore, a tender of a part of the debt before suit brought, followed by a payment into court, will not affect his right to circuit court costs, even though the balance of the recovery be less than $100.

Error to Eaton; Smith J. Submitted October 9, 1896. Decided November 17, 1896.

*Assumpsit* by Irving E. Emerson against John L. Kinne to recover a balance alleged to be due upon a building contract. From that part of the judgment awarding costs to defendant, plaintiff brings error. Reversed.

Plaintiff brought suit in *assumpsit* in the circuit court to recover a balance claimed to be due upon a contract for the erection of a building at the cost of $225. Before suit was brought, defendant admitted that he owed plaintiff $75, and made a legal tender of that amount. This tender was kept good, and, when suit was brought, defendant deposited the same in court. The attorneys for the respective parties then entered into a stipulation by which it was agreed that the $75 should be paid by the clerk of the court to the plaintiff, but that such payment or acceptance should in no wise affect or change the right

of said plaintiff to proceed to a judgment upon the balance which plaintiff claimed to be due him, and that the $75 should be deducted from the amount found to be due the plaintiff upon the trial, and judgment for the balance, if any should be found by the jury, should be entered the same as though said $75 remained in the custody of the clerk. The jury rendered a verdict for the plaintiff for $59.65, and, in reply to special questions, found that the defendant tendered plaintiff the $75; that the plaintiff refused such tender; that the defendant deposited the money in the bank, to keep such tender good, and paid the same into court after suit was commenced. The court held that the defendant was entitled to recover costs, and this presents the sole issue in the case.

*Garry C. Fox* and *George L. Hauser*, for appellant.

*Huggett & Smith*, for appellee.

GRANT, J. (*after stating the facts*). We think the circuit court was in error. The defendant did not tender the amount due upon the contract. A creditor is under no obligation to receive less than the amount that is due. *Coots* v. *McConnell*, 39 Mich. 748; 25 Am. & Eng. Enc. Law, 910; Clark, Cont. 641.

The judgment must be reversed, and the court below directed to give the plaintiff his costs.

The other Justices concurred.